IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAJUAN SAUNDERS, | : | Civil No. 1:22-CV-01668 |
| Petitioner, | : | |
| v. | : | |
| PENNSYLVANIA PAROLE BOARD, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is DaJuan Saunders' ("Petitioner") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner is seeking redress from an allegedly incorrect sentence calculation following his parole revocation. (Doc. 1.) Because Petitioner has failed to exhaust the remedies available to him in the state court system, the court will dismiss the petition. Petitioner also has a pending motion for bail, Doc. 3, and motion for discovery, Doc. 14, that will be denied as moot.

### **PROCEDURAL HISTORY**

Petitioner is a self-represented litigant who filed a petition for writ of habeas corpus seeking relief from his sentence calculation following a parole revocation. (Doc. 1.) Petitioner is currently housed at the State Correctional Institute in Coal Township, Pennsylvania ("SCI-Coal Township"). On December 8, 2017, Petitioner was sentenced by the Lackawanna County Court of Common Pleas for

1

drug manufacture, delivery, or possession with intent to manufacture or deliver. *Commonwealth v. Dejuan*, CP-35-CR-0000420-2017 (C.P. Lackawanna County). On November 28, 2018, Petitioner was released on parole to an approved home. (Doc. 11-2.)  On April 11, 2019, Petitioner was arrested for strangulation, harassment, aggravated assault, and simple assault.  (Doc. 11-3.)  On October 10, 2019, Petitioner pled guilty to simple assault and was sentenced to 1 year to 2 years of incarceration in a state correctional institution.  (Doc. 11-6.)  On December 6, 2019, Petitioner waived his rights to a parole revocation hearing and to counsel and admitted being convicted of a new criminal offense.  (Doc. 11-8.)  On February 24, 2020, the Parole Board recommitted Petitioner to serve 15 months back time for committing he offense of simple assault and recalculated his parole violate max date to August 28, 2022.  (Doc. 11-9.)

On March 14, 2020, Petitioner filed a petition for administrative review challenging the Parole Board decision.  (Doc. 11-11.)   The decision was affirmed on March 24, 2021.  (Doc. 11-12.)  Petitioner then filed an action in Commonwealth Court challenging his recommitment as a convicted parole violator and the recalculation of his maximum sentence.  (Doc. 11-13.)  The Parole Board's decision was affirmed on December 19, 2022.  *See Saunders v. Pennsylvania*

*Parole Board*, 248-CD-2021 (Pa. Commw. Ct.).[1]  It does not appear that Petitioner sought leave to appeal with the Pennsylvania Supreme Court.  (*Id.*)

While Petitioner's action was pending before the Commonwealth Court, he filed this petition seeking a writ of habeas corpus on October 24, 2022.  (Doc. 1.)  Respondents filed a response on November 30, 2022.  (Doc. 11.)  Following the filing of the response, the Commonwealth Court affirmed the Parole Board's decision on December 19, 2022.  Petitioner then filed his traverse on January 19, 2023 alleging that he had no right to appeal the Board's decision to the state court under the Board's "regulations."  (Doc. 16.)

### STANDARD OF REVIEW

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  The court is required to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2254, Rule 4.  This court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520–21 (3d Cir. 2002).

---

[1] The court takes judicial notice of Petitioner's dockets available to the public via Pennsylvania's Unified Judicial System Web Portal at https://ujsportal.pacourts.us/CaseSearch (last visited May 25, 2023).

3

In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own records. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 982 F.2d 1192, 1197 (3d Cir. 1993) (explaining matters of public record, including "criminal case dispositions such as convictions or mistrials" are permissible for consideration when resolving a motion to dismiss); *see also Zedonis v. Lynch*, 233 F. Supp.3d 417, 422 (M.D. Pa. 2017) (when deciding a motion to dismiss for failure to state a claim, district court may take judicial notice of court opinions and online state criminal dockets as they are public records of government agencies). Thus, when reviewing the instant petition, the court has taken judicial notice of Petitioner's criminal proceedings and related appeals in the Pennsylvania state courts.

## DISCUSSION

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State,

within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id.* at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

Here, Petitioner requested an administrative review with the Parole Board, and he then appealed the decision to the Commonwealth of Pennsylvania. Although Petitioner took the first two steps—administrative review with the Parole Board, *see* 37 Pa. Code. § 73.1 and appealing to the Commonwealth Court of Pennsylvania, *see* 42 Pa. Cons. Stat. § 763(a)—that is where his exhaustion attempts ended. Proper exhaustion requires appealing to the Commonwealth Court of Pennsylvania, *see* 42 Pa. Cons. Stat. § 763(a), as well as seeking review with the Supreme Court of Pennsylvania, *see Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (nonprecedential) (explaining that, to fully exhaust a challenge to a Parole Board decision, a Section 2254 petitioner must seek allowance of appeal with the Pennsylvania Supreme Court following an adverse decision by the Commonwealth Court).

Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. The time for doing so has passed, and therefore he has procedurally defaulted the instant habeas claim. Pa. R.A.P. 1113(a) (30–day time limit after entry of the order of the Superior Court or Commonwealth Court sought to be reviewed). Petitioner's general assertions that he had no right to appeal the Parole Board decision under the "regulations" is not accurate. *See Williams*, 232 F. App'x at 181. Petitioner provides no other cause or prejudice to

6

excuse his procedural default, so his claim is unreviewable. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

Additionally, in reviewing the docket sheet of the underlying criminal conviction, it is apparent that Petitioner also has a pending PCRA appeal in that case. *See Commonwealth v. Dajaun*, 191 MDA 2023 (Pa. Super.). Therefore, it appears that he is he challenging the sentence he received in the underlying criminal offense as well.

## Conclusion

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus. Since the petition will be dismissed, Petitioner's motion for bail, Doc. 3, and motion for discovery, Doc. 14, are **DENIED** as **MOOT**.

A separate order will be issued.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: June 21, 2023